IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE GOODLOE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-938-NJR-DGW |
| | ) |
| TIMOTHY R. QUIGLEY, C/O PHELPS, | ) |
| ZACHARY MOORE, and C/O SMITH, | ) |
| | ) |
| Defendants. | ) |

**42 U.S.C. § 1983 SCHEDULING ORDER**

**WILKERSON, Magistrate Judge:**

The parties are reminded that they may, pursuant to Federal Rule of Civil Procedure 29, modify discovery dates occurring prior to the close of discovery, by agreement, without the Court's involvement, provided that neither the discovery cutoff and dispositive motion deadlines nor the settlement conference date are affected.

Depositions upon oral examination, interrogatories, request for documents, and answers and responses thereto shall not be filed unless on order of the Court.

Disclosures or discovery under Rule 26(a) of the Federal Rules of Civil Procedure are to be filed with the Court only to the extent required by the final pretrial order, other order of the Court, or if a dispute arises over the disclosure or discovery.

In the interest of reducing delay and expense, it is **ORDERED** that discovery disputes that cannot be resolved through informal means pursuant to Federal Rule of Civil Procedure 37 shall be set for an informal telephonic discovery dispute conference. The party with the discovery dispute shall contact chambers to set up the teleconference and shall be responsible for initiating the conference call. The Court's teleconference number is (618) 482-9004. Written motions to compel or legal memoranda will <u>not</u> be accepted **unless** specifically requested by the Court. The parties are

directed to this court's webpage, http://www.ilsd.uscourts.gov/Judges/Wilkerson.aspx, for additional information and specific procedures regarding discovery disputes. **Consult this Court's webpage BEFORE contacting chambers with questions**.

I. **Initial Disclosures and Pretrial Filings**

    A. If Plaintiff was assessed an initial filing fee pursuant to 28 U.S.C. § 1915(b)(1), such initial filing fee must be paid, in full, by **March 11, 2016**. Failure to pay the initial filing fee by the deadline may result in dismissal of this action.

    B. Initial Disclosures shall by served by **March 11, 2016**. In addition to those categories contained in Rule 26(a)(1)(A), these disclosures shall include: For Plaintiff -- a statement of injuries and the relief sought, and information that may help identify any John Doe Defendants. For Defendant – incident reports, grievances, disciplinary tickets, cumulative counseling summary, shakedown slips (for property issues), correspondence with the chaplain (religious claims), and the identity of John Doe Defendants, if known.

    C. Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 shall be served on opposing parties by **April 15, 2016**.

    D. Any party entering an appearance after the date of this Order shall make the required disclosures within 30 days from his appearance in this case. Plaintiff will make his required disclosures within 30 days from the new party's appearance.

    E. Motions to amend the pleadings, if any, shall be filed by **April 15, 2016**.

**II.** **Discovery**

    A. Any interrogatories, requests for production of documents, or requests for admissions shall be served so as to allow the answering party the full thirty-day period provided by the Federal Rules of Civil Procedure in which to respond.

    B. Defendants are granted leave to depose Plaintiff pursuant to Rule 30(a)(2) by **June 17, 2016**.

    C. Defendant's deposition shall be taken by **June 17, 2016**.

    D. The parties are granted leave to depose other incarcerated person pursuant to Rule 30(a)(2) by agreement provided that the number does not exceed 2 each. If the parties wish to depose more than 2 incarcerated persons, they shall seek leave of Court.

    E. If the parties believe that expert discovery is necessary, they must file a motion by **June 17, 2016**.

    F. All discovery must be completed by **August 19, 2016**. Pursuant to Fed.R.Civ.P. 26(e), the parties are under an ongoing obligation to supplement the disclosures and production in this case.

**III.** **Dispositive motions**

    A. Defendants have not asserted the affirmative defense of failure to exhaust administrative remedies.

    B. All other dispositive motions shall be filed by **September 23, 2016**.

**IV.** **Trial Schedule**

    A. Extensions of these deadlines will only be granted in the rarest of circumstances, as the usual difficulties and delays associated with prisoner litigation have been

        taken into account in setting the pretrial schedule.

B.     If the parties believe that a settlement conference would be beneficial, they should contact chambers.

C.     A telephonic status conference is **SET** for **May 12, 2016 at 3:00 p.m.** before United States Magistrate Judge Donald G. Wilkerson. Defendant to initiate the conference call.

D.     A telephonic pretrial conference is **SET** for **February 1, 2017 at 3:00 p.m.** before United States Magistrate Judge Donald G. Wilkerson. Defendant to initiate the conference call.

E.     A final pretrial conference is **SET** on **February 16, 2017 at 1:30 p.m.** before United States District Judge Nancy J. Rosenstengel. Parties should consult Judge Rosenstengel's case management procedures, located on the Court's webpage, for instructions.

F.     Trial is hereby set before District Judge Nancy J. Rosenstengel on **March 7, 2017 at 9:00 a.m.**

**IT IS SO ORDERED**

**DATED: February 19, 2016**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**